**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK HICKS,                                    )
                                               )
     Plaintiff,                           )
                                               )
     v.                                   )        Case No.  2:15-cv-11561
                                               )
NORTHSTAR LOCATION                             )
SERVICES, LLC,                                 )
                                               )
     Defendant.                           )

**PLAINTIFF'S COMPLAINT**

Plaintiff, MARK HICKS ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

5.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6.  Plaintiff is a natural person residing in Detroit, Wayne County, Michigan.

7.  Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3) and Mich. Comp. Law § 339.901(f).

8.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Mich. Comp. Law § 339.901(a).

9.  Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Mich. Comp. Law § 339.901(b).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Cheektowaga, New York.

12. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating in 2007 with Chrysler Credit.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around February 2014, Plaintiff's attorney at the time sent Defendant a dispute letter informing Defendant that the debt belonged to Plaintiff's ex-wife and not Plaintiff.

21. In or around July, 2014, Defendant began calling Plaintiff on Plaintiff's cellular telephone at 313-646-1998 in an attempt to collect on the alleged debt.

22. Defendant calls Plaintiff from 866-224-9824, which is one of Defendant's telephone numbers.

23. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff every day, up to two (2) times per day.

24. In or around July 2014, Plaintiff answered one of Defendant's phone calls and spoke with one of Defendant's collectors.

25. During the aforementioned conversation, Plaintiff informed Defendant that he sent a dispute letter to the Defendant.

26. During the aforementioned conversation, Defendant's collector told Plaintiff that his dispute letter was irrelevant, and that "someone has to pay for this car."

27. During the aforementioned conversation, Defendant's collector demanded immediate

payment from Plaintiff.

28. During the aforementioned conversation, Plaintiff requested Defendant stop calling him.

29. Despite Plaintiff's disputes and request, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Defendant violated the FDCPA based on the following:

    a.  Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant called plaintiff every day, up to two (2) times per day despite Plaintiff requesting Defendant stop calling him;

    b.  Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff when Defendant called plaintiff every day, up to two (2) times per day despite Plaintiff requesting Defendant stop calling him;

    c.  Defendant violated §1692e(2)(A) of the FDCPA by falsely representing the character, amount, or legal status of any debt when Defendant demanded immediate payment from Plaintiff for an alleged debt that Plaintiff does not owe; and

    d.  Defendant violated §1692g(b) of the FDCPA by failing to cease collection of the debt after the consumer has notified the debt collector in writing that the debt is disputed, when Defendant continued to demand payment of the alleged debt from Plaintiff after Plaintiff sent Defendant a written dispute of the debt.

31. Defendant's acts as described above were done intentionally with the purpose of coercing

4

Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, MARK HICKS, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

33. Actual damages, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

37. Plaintiff repeats and re-alleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to right or engaging Plaintiff in telephone conversation repeatedly, continuously or at unusual times which are known to be inconvenient to Plaintiff when Defendant called plaintiff every day, up to two (2) times per day despite Plaintiff requesting Defendant stop calling him.

39. Defendant's acts as described above were done intentionally with the purpose of coercing

5

Plaintiff to pay the alleged debt.

40. As a result of the foregoing violations of the MOC, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, MARK HICKS, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

41. Actual damages pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

42. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

43. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

44. Any other relief that this Honorable Court deems appropriate.


DATED:  April 30, 2015              RESPECTFULLY SUBMITTED,


                                    By: /s/ Michael S. Agruss_____
                                        Michael S. Agruss
                                        IL State Bar #: 6281600
                                        Agruss Law Firm, LLC
                                        4619 N. Ravenswood Ave.
                                        Suite 303A
                                        Chicago, IL 60640
                                        Tel: 312-224-4695
                                        Fax: 312-253-4451
                                        michael@agrusslawfirm.com
                                        Attorney for Plaintiff

6